NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0368n.06

No. 15-3008

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

LANCE COAL CORPORATION/GOLDEN
OAK MINING CO., INC.,

    Petitioner,

v.

PHILLIP W. CAUDILL and DIRECTOR,
OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,

    Respondents.

**FILED**
Jun 30, 2016
DEBORAH S. HUNT, Clerk

**O R D E R**

**BEFORE:** NORRIS, CLAY, and COOK, Circuit Judges.

    Respondent Phillip Caudill, a former coal miner, moves for attorneys' fees, pursuant to 33 U.S.C. § 928, based on the successful prosecution of his claim for disability benefits under the Black Lung Benefits Act (the "Act"), 30 U.S.C. § 901, *et seq*. In August 2013, an Administrative Law Judge ("ALJ") issued an order awarding black lung benefits to Caudill, which was subsequently affirmed by the Department of Labor Benefits Review Board (the "Board"). In January 2015, Petitioner Lance Coal Corporation/Golden Oak Mining Company, Inc. ("Lance Coal") filed a petition for review of the Board's order, which this Court denied on March 22, 2016.

    Caudill seeks attorneys' fees in the amount of $13,350.00. In response, Lance Coal states that although it "does not contest the reasonableness of the time sought for work done on [Caudill's] appeal," it objects to the "requested hourly rate of $425.00 sought for Attorney

No. 15-3008, *Lance Coal Corp. v. Caudill, et al.*

Joseph E. Wolfe." Specifically, Lance Coal argues that the reasonable rate for Wolfe's services is $300.00/hour and that the attorneys' fee award should be reduced from $13,350.00 to $10,600.00.

Caudill is requesting attorneys' fees under 33 U.S.C. § 928, which has been incorporated into the Act pursuant to 30 U.S.C. § 932(a). *B & G Mining, Inc. v. Dir., Office of Workers' Comp. Programs*, 522 F.3d 657, 661 (6th Cir. 2008). "Although litigants generally must pay their own attorneys' fees in the absence of explicit statutory authorization, Congress has provided a fee-shifting mechanism for use in black lung cases." *E. Associated Coal Corp. v. Dir., Office of Workers' Comp. Programs*, 724 F.3d 561, 569 (4th Cir. 2013) (internal citation omitted); *see also Day v. James Marine, Inc.*, 518 F.3d 411, 414 (6th Cir. 2008) (noting that fee awards are "mandatory" under 33 U.S.C. § 928). Under the applicable regulations, attorneys' fees awarded in black lung benefits cases must:

> [B]e reasonably commensurate with the necessary work done and shall take into account the quality of the representation, the qualifications of the representative, the complexity of the legal issues involved, the level of proceedings to which the claim was raised, the level at which the representative entered the proceedings, and any other information which may be relevant to the amount of fee requested.

20 C.F.R. § 725.366(b); *see also B & G Mining*, 522 F.3d at 661.

This Court has held that the lodestar method of calculating attorneys' fees, which provides for a "fee amount [equal to] 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate,'" is the "appropriate starting point" for calculating attorneys' fees under the Act. *B & G Mining*, 522 F.3d at 661–62 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "To arrive at a reasonable hourly rate, courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Id.* at 663 (quoting

No. 15-3008, *Lance Coal Corp. v. Caudill, et al.*

*Gonter v. Hunt Valve. Co.*, 510 F.3d 610, 618 (6th Cir. 2007)). "The appropriate rate, therefore, is not necessarily the exact value sought by a particular firm, but is rather the market rate in the venue sufficient to encourage competent representation." *Id*. When requesting attorneys' fees under 30 U.S.C. § 928, "[t]he party seeking attorneys' fees has the burden of proving that the rate claimed and the hours worked are reasonable." *E. Associated Coal*, 724 F.3d at 569. Courts may consider prior attorneys' fees awards to counsel as evidence of the prevailing market rate, *id.* at 572, particularly where there are a relatively small number of comparable attorneys performing similar work, *B & G Mining*, 522 F.3d at 663–64.

Caudill has failed to put forth persuasive evidence that the $425.00/hour rate sought for Wolfe's services reflects the prevailing market rate for comparable attorneys performing similar work. As an exhibit to the motion for attorneys' fees, Caudill submitted a list of 78 black lung cases in which counsel was awarded attorneys' fees. In 75 of those cases, the rate awarded for work performed by Wolfe was $300.00/hour. These 75 cases include 17 matters decided in 2015 and 2016. Thus, the vast majority of those cases proffered by Caudill, including more than a dozen matters that are temporally proximate to the instant case, support the inference that the prevailing market rate is actually $300.00. *See B & G Mining*, 522 F.3d at 664.

Additionally, we find Caudill's citation to the rates charged by attorneys for Jackson Kelly PLLC's Charleston, West Virginia office and Greenberg Traurig LLP's Houston, Texas and Washington, DC offices, which are included in filings submitted to the United States Bankruptcy Court for the Eastern District of Missouri, do not reflect the prevailing market rate for the venue of the court of record, i.e., the prevailing market rate in the Sixth Circuit. *See B & G Mining*, 522 F.3d at 663. Thus, they are irrelevant to this Court's calculations of reasonable attorneys' fees.

No. 15-3008, *Lance Coal Corp. v. Caudill, et al.*

Finally, Lance Coal has submitted several recent orders issued by various ALJs and the Board awarding a rate of $300.00/hour for Wolfe's services. Each of these fee awards was granted in 2016. Notably, in one of those matters, counsel requested (and subsequently was awarded) a rate of $300.00/hour for Wolfe's services.

After considering the evidence of the prevailing market rate and the factors included in 20 C.F.R. § 725.366(b), we find that $300/hour reflects a reasonable rate for the work performed by Wolfe. Because we find that the hours expended on this appeal were reasonable, an award of $10,600.00 is warranted. This figure reflects: 22 hours of legal services performed by Wolfe at a reduced rate of $300.00/hour, for a total of $6,600.00; 2.75 hours by attorney Brad Austin at the requested rate of $200.00/hour, for a total of $550.00; 2.50 hours by attorney Rachel Barnhill at the requested rate of $150.00/hour, for a total of $375.00; 19.75 hours by attorney Victoria Herman at the requested rate of $150.00/hour, for a total of $2,962.50; and 0.75 hours by attorney Rachel Wolfe at the requested rate of $150.00/hour, for a total of $112.50.

For the foregoing reasons, Caudill's motion for attorneys' fees is **GRANTED** in the amount of **$10,600.00**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk